# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 1:20-CR-77 |
| v. | : | JUDGE BLACK |
| LARRY HOUSEHOLDER, et al., | : | UNITED STATES' REPLY IN SUPPORT OF MOTION TO LIMIT IRRELEVANT AND INADMISSIBLE EXPERT TESTIMONY |
| Defendants. | : | |

The defendant has the burden of establishing admissibility of his proposed expert testimony, and his response makes clear he cannot meet his burden with respect to several areas of proposed testimony. Accordingly, the Court should preclude Caleb Burns' proposed testimony (1) about what is "common place" among other public officials and (2) federal leadership PACs.

But first, a point of clarification is necessary. Defendant Householder's response in opposition appears to assert the United States seeks to exclude Burns' testimony in its entirety. (Doc. 133, PageID 3720.) That is not true. The United States seeks to exclude portions of Mr. Burns' proposed testimony that are irrelevant and otherwise inadmissible. (Doc. 129, PageID 3581-91.) To be clear, the Unites States does not object to Burns providing background and context testimony regarding campaign finance – that is what the United States intends to offer. But the wrinkle, here, is that he must tread lightly because such testimony has the potential to usurp a function of the Court in jury trials, which is to provide the law to the jury. (*Id.* at PageID 3585-86.) Thus, Burns' testimony about the campaign finance regulatory scheme may put these legal entities into context for purpose of background. But he cannot testify on the law applicable in this case or invade the province of the jury by, for example, suggesting the Defendant lack corrupt intent by comparing his actions to other prominent (and uncharged) officials.

1

**1. What others "commonly" do is inadmissible.**  This means that, while Burns' can provide background and context through his testimony, he cannot testify about what conduct is "routine," "typical," or "commonplace."  First, the conduct of others is irrelevant, here—the cases cited by the United States on this score are unequivocal.  (*See* United States' Motion, Doc. 129, PageID 3586-3588.)  Second, the jury must determine whether the defendants are guilty of the offenses charged by the grand jury based on the law provided by the Court – not by comparing the defendants' conduct to others.  In addition, by comparing the defendants' conduct to others, whether explicitly or implicitly, the defendant is advancing an impermissible selective prosecution type of jury nullification argument.  (*Id.* at PageID 3588-89.)  Third, Burns' testimony cannot function as a proxy for Householder's own testimony about his intent, that is, to suggest that Householder lacked the requisite intent because his actions were typical of other public officials.  (*Id.* at PageID 3589-90.)

Householder's response does nothing to move the needle, here.  Rather than address the motion in this regard, he simply contends that what is commonplace with respect to 501(c)(4)s is relevant to refute allegations in the Indictment.  In fact, his inability to rebut the United States' arguments underscores the inadmissibility of Burns' testimony on this point.

For example, Householder does not substantively address the case law precluding such testimony as irrelevant or as inadmissible selective prosecution.  Rather, Householder responds that Burns "should be permitted to explain that part of the basis for his opinions on officeholder alignment with 501(c)(4)s is premised on real world examples."[1]  Householder's attempt to backdoor such evidence through testimony about his qualifications is obvious – and still impermissible.

---

[1] This, of course, calls into question the actual expertise of Mr. Burns' on this point, whose opinion regarding permissible 501(c)(4)s is apparently not based upon the rules and regulations regarding 501(c)(4)s, but is based on people and entities that have not been prosecuted.

Householder argues that public officials' "common" alignment with 501(c)(4)s is relevant because "the jury should therefore learn what is permissible—what is ordinary—in order to judge whether Householder's (and the other defendants') actions amounted to 'something more' to turn ordinary campaign actions into a crime." (Doc. 133, PageID 3736.)  But this illustrates precisely why the testimony should be excluded.  *The Court alone* instructs the jury "what is permissible" and not permissible under the law.  Here, the Court will instruct the jury that the "*something*" that separates legal campaigning and bribery is an explicit *quid pro quo*—an "agreement between the official and the donor" to exchange something of value for official action.  *United States v. Inman*, 39 F.4th 357, 368 (6th Cir. 2022) (emphasis in original); *United States v. Terry*, 707 F.3d 607, 613 (6th Cir. 2013)  ("What is needed is an agreement, full stop, which can be formal or informal, written or oral.").  And *the jury alone* must assess a defendant's "intent to exchange official acts for contributions . . . based on [the defendant's] words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them."  *Terry*, 707 F.3d at 614.  So another public official's non-corrupt activities with a 501(c)(4) have no bearing on Householder's intent with regards to his 501(c)(4) in this case.  Rather, allowing expert testimony about "permissible" conduct by different officials under different facts would invade the Court's role as the sole source of law regarding bribery and the jury's role of assessing intent under all the facts and circumstances here.

Householder's reliance on civil breach of contract cases is as persuasive as his statement that he is not eliciting testimony about his intent – he is merely providing "the jury with information from which it can draw inferences as to the ultimate issue." (Doc. 133, PageID 3735.)  For the same reasons set forth above, Householder's reassurances – along with this statement that Burns' testimony about what is commonplace is rebuttal and does not amount to selection prosecution arguments – ring hollow.

**2. Leadership PACs are irrelevant and confusing.** The United States also moved to exclude Burns' testimony about leadership PACs. In his response, the Defendant concedes that "[t]rue, none of the defendants had or operated a federal leadership PAC during the time period at issue in the Indictment." (Doc. 133, PageID 3738.) The Defendant's response should end the Court's inquiry. A leadership PAC is a specific form of federal PAC defined by and subject to federal law, federal regulations, and specific reporting requirements, all of which are not applicable here. That public officials may or have raised money into leadership PACs in other instances will not assist the jury in deciding *this* case, where there were none – as conceded by the Defendant. Irrelevant testimony about what is allowable under a type of PAC not at issue here would only confuse the jury.

## CONCLUSION

The Court should grant the United States' Motion to Limit Irrelevant and Inadmissible Expert Testimony for the reasons explained above.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Emily.Glatfelter@usdoj.gov
Email:  Matthew.Singer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 31st day of October 2022, which provides electronic notice to all parties.

*s/ Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
