UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-77 |
| | : | |
| | : | JUDGE TIMOTHY BLACK |
| v. | : | |
| | : | **MOTION *IN LIMINE* TO PRECLUDE** |
| | : | **ARGUMENT AND EVIDENCE** |
| LARRY HOUSEHOLDER, et al., | : | **SUPPORTING JURY** |
| | : | **NULLIFICATION** |
| Defendants. | : | |
| | : | |

The United States respectfully requests that the Court preclude the defendants from arguing, presenting evidence, or pursuing lines of inquiry designed to elicit or has the effect of supporting jury nullification. This preclusion should apply to both defense counsel, in terms of arguments, questioning, and statements in front of the jury, and to the defendants, should they choose to testify.[1]

## BACKGROUND

The law is clear. No one may encourage the jury to nullify either the law or the facts. *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."). Instead, jurors should "be told that it is their duty to accept and apply the law as given to them by the court." Sixth Circuit Pattern Instruction 1.02, Commentary; *see United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988). Accordingly, a trial court "may block defense attorneys' attempts to serenade a jury with the siren song of nullification."

---

[1] This motion refers to both defense counsel and defendants collectively as "the defendants."

1

*Sepulveda*, 15 F.3d at 1190 (1st Cir. 1993). This includes prohibiting evidence or arguments that do not support a legal defense to the charges, but rather would encourage the jury to decide the case inconsistent with the Court's instructions.

Although it is difficult to anticipate each form of possible jury nullification argument or evidence that the defendants may seek to inject in his trial, the filings thus far and Defendant Borges' media campaign suggest they may present argument and/or evidence amounting to (1) selective prosecution, (2) "this is how fundraising works," (3) ignorance of the law, (4) a First Amendment affirmative defense, and (5) unrelated noncorrupt or good acts. The Court should preclude the defendants from making each of these arguments or eliciting evidence about them. As explained below, because they are either improper or irrelevant to the jury's task, raising them at trial urges the jury to ignore the Court's instructions regarding the elements of the offense and decide this case on an improper basis.

**A.      Selective prosecution allegations are made to the Court, not to the jury.**

The Court should preclude the defendants from making arguments or eliciting testimony that challenge the institution of prosecution, such as selective prosecution or the motivations behind the investigation. These are legal questions decided by the Court, not the jury.

A review of the defendants' previous filings, public comments, various interviews and website postings, indicates that the defendants may attempt to question the motivation of the prosecution or contend that they were unfairly prosecuted.[2]  For example, the defendants may

---

[2] *See, e.g.*, (Borges' Motion to Strike, Doc. 104, PageID 1748 ("The Government's attempt to expand § 1346 through a novel theory using the amorphous term 'inside information' must fail. It violates the concept of fair notice and exemplifies arbitrary prosecution")); Householder's Opposition to Motion to Exclude, Doc. 133, PageID 3736 ("The Supreme Court has time and again admonished federal prosecutors for using broadly written federal laws to 'set standards of disclosure and good government for local and state officials.'");
https://www.cleveland.com/news/2022/06/matt-borges-says-house-bill-6-bribery-case-is-a-political-attack-because-of-opposition-to-donald-trump.html (June 21, 2022);

attempt to argue before the jury that others engaged in similar conduct were not charged, or were charged with different crimes; or they may try to question law enforcement agents about charging decisions, the timing of such decisions, or suggest the prosecution was politically motivated. To support these arguments, the defendants may offer evidence affirmatively, such as through their own testimony or through expert testimony; or they may try to make such arguments through cross examination, by asking witnesses about, for example, the conduct of other public officials, the witness's familiarity with news stories or other cases, different charges, charging decisions or asking the witness to compare the charges in various cases; or they may reference these topics in opening statements, during the defendant's own testimony, or in closing arguments.[3] The Court should preclude all of this – because it amounts to allegations of selective prosecution that are improper for a jury to consider.

First, a selective prosecution allegation is not a defense to the merits of the criminal charge; rather, it is "an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). In other words, a selective prosecution claim is completely irrelevant to the issue of the guilt or innocence of the defendant. Instead, it asks a court to "exercise judicial power over a special province of the Executive" – that is, the Attorney General and United States Attorneys, who are designated as the President's delegates to enforce federal criminal laws. *Id*. at 464 (internal quotations omitted) (quoting U.S. Const., Art. II, § 3; citing 28 U.S.C. §§ 516, 547). As a result, the Supreme Court

---

https://www.13abc.com/2021/06/15/this-is-all-purely-political-former-ohio-house-speaker-address-lawmakers-mulling-his-ouster/

[3] Lines of questioning about charging are particularly misleading because prosecutors make charging decisions in federal court, not agents, and these questions improperly make prosecutors facts witnesses before the jury. *See United States* v. *Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992) (the defendant's argument misconceives the role officers play in charging decisions).

3

has instructed that "the presumption of regularity supports their prosecutorial decisions, and in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id*. (internal quotations omitted) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)).[4]

Second, because selective prosecution is a legal defense based on an alleged defect in the institution of prosecution, it must be raised prior to trial. Fed. R. Crim. P. 12(b)(3). Courts have consistently held that defenses based on selective prosecution or government misconduct are to be decided by the Court prior to trial and not by the jury. *See United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("the defense of selective prosecution is a matter that is independent of a defendant's guilty or innocence, so it is not a matter for the jury"); *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir.1997) ("Because it involves a 'defect in the institution of the prosecution,' the selective prosecution defense is an issue for the court rather than the jury."); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir.), *cert. denied*, 516 U.S. 902 (1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (per curiam) (finding issues subject to Fed. R. Crim. P. 12 are matters for the Court, not the jury); *United States v. Brimite*, 102 F. App'x 952, 955 (6th Cir. 2004) (defendant was required to raise selective prosecution allegation before trial).

Accordingly, district courts have excluded at trial evidence and arguments alleging selective prosecution and other defects in the institution of prosecution, and these decisions have been upheld on appeal. For example, in *Abboud*, the district court granted a motion *in limine* to

---

[4] This judicial deference is in part based on "an assessment of the relative competence of prosecutors and courts," and in part, based on a concern of "unnecessarily impairing a core executive constitutional function." *Id*. at 465. For example, in terms of the former, the Supreme Court has explained that courts are not equipped to evaluate "the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to Government's overall enforcement plan." *Id*. In recognition of these principles, the standard necessary to prove a selective prosecution claim is "a demanding one." *Id*. at 465.

preclude evidence of selective prosecution at trial. *Abboud*, 438 F.3d at 580. The Sixth Circuit upheld the district court's exclusion of the evidence, explaining that "selective prosecution is not an issue for the jury." *Abboud*, 483 F.3d at 580; *United States v. Darwich*, 574 F. App'x 582, 589 (6th Cir. 2014) (same; relying on *Abboud*); *see also United States v. Simpson*, 226 F. App'x 556, 562 (6th Cir. 2007) (citing *Abboud*, concluding district court was correct to prohibit prosecutorial vindictiveness theory at trial).

Even when not specifically styled as selective prosecution, "courts have consistently excluded evidence and argument by defendants seeking to attack the prosecution's motives in initiating prosecution." *United States v. Morris*, 2021 WL 4228883, *6 (E.D. KY 2021) (internal quotations omitted; quoting *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) (collecting cases)); *see also United States v. Bryant*, 5 F.3d 474, 475–76 (10th Cir. 1993) (upholding district court's prohibition of cross-examination as to how defendant came to be charged in federal court); *United States v. Fieger*, 2008 WL 996401, *1-*3 (E.D. Mich. Apr. 8, 2008) (granting motion *in limine* to preclude the defendant from raising evidence or argument concerning improper prosecution at trial, including cross-examination of agents about matters of prosecutorial discretion); *cf. United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (the potential political purposes underlying an investigation and/or indictment are "extraneous and collateral matters" unrelated to the alleged crimes.) As the court in *Morris* explained, "[s]uch arguments and evidence are not relevant to the jury's task, and even if they were, their probative value would be substantially outweighed by the risk of unfair prejudice and confusion of the issues at trial." *Id*. (granting motion *in limine* and excluding evidence and arguments related to DOJ's prosecutorial policy and motives). In addition, permitting the introduction of such evidence risks substantially lengthening the trial by creating mini-trials on

collateral matters unrelated to the defendants' guilt or innocence.

The defendants cannot overcome these limitations by merely claiming such argument or evidence is relevant to a witness's bias and credibility. Indeed, in *Abboud*, the Sixth Circuit specifically cautioned that a defendant cannot make selective prosecution arguments relevant at trial by merely claiming exclusion of these arguments limits his ability to conduct cross-examination into bias and credibility. Doing so, "conflate[s] the concepts of witness bias and selection prosecution." *Abboud*, 438 F.3d at 580. "Witness bias speaks to the reliability of the witness," and exposing a witness's bias or prejudice calls into question the credibility of that particular witness. *Id*. (internal quotations omitted) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)). Whereas "[s]elective prosecution is a separate and distinct claim that the defendant has been unconstitutionally selected for prosecution." *Id*.

To date, neither defendant has filed a selective prosecution claim under Federal Rule of Criminal Procedure 12. Such a motion, however, is the only proper way to litigate allegations of selective prosecution or otherwise challenge the institution of prosecution. Attempting to make these arguments in front of the jury, in any form, should be barred by the Court.

**B.     Evidence that "*this is how fundraising works*" or "*everyone does it*" is improper and irrelevant.**

A variation of a selective prosecution argument – which is equally improper at trial – is premised on the theory that the defendants' actions were similar to others because "this is how fundraising works" or "everyone does it this way" or this conduct is "commonplace." In other words, presenting evidence that others have engaged in "x" conduct and have not been prosecuted, the implication being the defendants' conduct must be legal and this prosecution is unfair. At best such evidence is irrelevant, at worst it encourages jury nullification for selective prosecution.

Defendant Householder has alluded to these arguments in his expert disclosures and the United States has moved to exclude portions of Caleb Burns' testimony about what is "commonplace."[5] (Doc. 129 at PageID 3586-88 (motion); Doc 135 at PageID 3745-46 (reply).) As the United States argued in its *Daubert* motion and reply, what others did on different occasions is completely irrelevant. Rather than repeating those arguments and caselaw, the United States incorporates them here.

The Court should preclude the defendants from making such arguments or eliciting such evidence through experts – or otherwise – because they necessarily implicate evidence and argument related to politics, politicians, and/or activities not relevant to the instant charges. They further urge the jury to reject the Court's instructions as to the elements of the offense and independently determine what constitutes a criminal act based on a witness's assessment or comparison of unrelated people and events. (*See* Doc 135 at PageID 3745-46.) However, this is precisely what Defendant Householder plans to do through Burns' testimony. (Doc. 133, PageID 3736 ("The jury should therefore learn what is permissible—what is ordinary—in order to judge whether Householder's (and the other defendants') actions amounted to 'something more' to turn ordinary campaign actions into a crime.").) The Court should preclude such arguments by the defendants, in whatever form they take. *See United States v. Mazumder*, 800 F. App'x 392, 395–96 (6th Cir. 2020) ("Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses.").

---

[5] Defendant Householder's disclosure indicated that " Mr. Burns will explain how officeholders can be aligned with 501(c)(4) organizations . . . . Mr. Burns will provide examples including: One Nation which is aligned with U.S. Senate Minority Leader Mitch McConnell, and Majority Forward which is aligned with U.S. Senate Leader Chuck Schumer." (Doc. 129, Exhibit A, PageID 3593-94.)

7

C. **Ignorance of the law is not a defense.**

Defendant Householder's expert disclosure and his response to the United States' motion to exclude portions of his expert's testimony suggest he may try to claim some form of a "mistake of law defense." (*E.g.*, Doc. 133 at PageID 3738-39 ("True, none of the defendants had or operated a federal leadership PAC during the time period at issue in the Indictment. But testimony about leadership PACs is relevant to how Generation Now was used during the 2018 election cycle. . . . . Generation Now functioned as a kind of leadership PAC." ).) Attempting to present this inapplicable defense is not uncommon in public corruption prosecutions. *See, e.g., United States v. Blagojevich*, 794 F.3d 729, 738-39 (7th Cir. 2015). However, that defense is unavailable to the defendants and the Court should preclude them from offering any argument or evidence related to it.

"The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991). "The Supreme Court has recognized an exception to this rule only when 'highly technical statutes,' such as tax or banking statutes, require a 'willful' violation of the law." *United States v. Trevino*, 7 F.4th 414, 424 (6th Cir. 2021) (internal quotations and citations omitted). Notably, the RICO conspiracy charged and the predicate offenses underlying the conspiracy do not fall into that category because they do not require the jury to find a "willful" violation of the law. *See, e.g., Id.* at 428-29 (upholding a district court's grant of *motion in limine* to preclude a mistake of law defense in conspiracy case); *Blagojevich*, 794 F.3d at 738-39 (holding "mistake of law" is no defense to Hobbs Act bribery or federal bribery statute); *United States v. Lindberg*, 476 F. Supp. 3d 240, 276-77 (W.D.N.C. 2020) *rev'd on other grounds*, 39 F.4th 151 (4th Cir. 2022) (explaining "mistake of law is not a defense to either of the [bribery] offenses at hand, lest our

8

democratic institutions would fall to corruption under cries of ignorance" and citing cases); *United States v. Sittenfeld*, No. 1:20-CR-142, 2022 WL 2192955, at *6 (S.D. Ohio June 17, 2022) (granting government *motion in limine* to "not allow [the defendant] to argue or offer evidence in support of a mistake of law or ignorance of the law defense."). Given that mistake of law is not a valid defense to the Indictment, the government respectfully requests that the Court preclude the defendants from arguing such.

D.   **The First Amendment is not a defense; its protections are incorporated into the Court's instructions to the jury.**

Defendant Householder's response to the United States' motion to exclude portions of Caleb Burns' testimony began with the following quote: "Money in politics may at times seem repugnant to some, but so too does much of what the First Amendment vigorously protects. *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014)." (Doc. 133, PageID 3730). While not entirely clear at this point, the quote suggests the defendants may be planning to use the First Amendment as a shield at trial.[6] However, caselaw is clear – the First Amendment is not a defense to a racketeering conspiracy or bribery predicate acts underlying it. "[T]here is a very real line between legitimate solicitation and bribery" and "[i]t is the role of our public corruption statutes to police that line." *United States v. Sittenfeld,* 522 F.Supp.3d 363, 368-69 (S.D. Ohio 2021) (denying defendant's motion to dismiss bribery charges); s*ee also United States v. Williams*, 553 U.S. 285, 297 (2008) (corrupt agreements do not enjoy First Amendment protection: "Offers to engage in illegal transactions are categorically excluded from First Amendment protection."); *United States v. Halloran*, 821 F.3d 321, 340 (2d Cir. 2016) ("[*Citizens United*] did not hold that the First

---

[6] *See also* https://www.dispatch.com/story/news/politics/2021/07/23/house-bill-6-what-you-need-know-firstenergy-agreement/8066999002/ (citing statement released by attorneys on behalf of Householder that his action was protected by the First Amendment in response to Deferred Prosecution Agreement signed by FirstEnergy Corp.).

9

Amendment protects bribery—to the contrary, the Court explicitly discussed the government's interest in preventing 'quid pro quo corruption' or the appearance thereof.").

Thus, while the First Amendment limits public corruption cases involving campaign contributions, those limitations constitute a legal issue for the Court – not a factual question for the jury – and those limitations are accounted for in the Court's instructions to the jury. *See McCormick v. United States*, 500 U.S. 257, 273 (1991); *Evans v. United States*, 504 U.S. 255, 258, 268 (1992); *see also United States v. Terry*, 707 F.3d 607, 613 (6th Cir. 2013) (affirming jury verdict in campaign contribution bribery case because "'[m]otives and consequences, not formalities,' are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is 'quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor.'") (quoting *Evans*, 504 U.S. at 274; citing *McCormick*, 500 U.S. at 270). The defendant should not be permitted to confuse or mislead the jury by arguing that the First Amendment provides an additional defense, additional protection, or is somehow a consideration the jury must account for in rendering its verdict – separate and apart from the Court's instructions. Such argument is contrary to law and invites jury nullification by imploring the jurors to ignore the Court's instructions and conduct their own First Amendment analysis.

E. **"Good Acts" evidence is irrelevant and inadmissible.**

As illustrated by the cases cited below, a common tactic in corruption trials involves defendants attempting to introduce evidence about non-corrupt conduct or good acts on other occasions. For example, a politician may attempt to demonstrate that he sometimes interacted with potential political contributors and solicited contributions without offering anything in return. Evidence of other non-corrupt conduct is sometimes affirmatively offered during the defense case,

but often takes the form of questions posed during cross-examination, such as: (a) "Isn't it true the defendant did not do anything improper on this occasion?"; (b) "Isn't it true that defendant always treated you with respect?"; (c) "Isn't it true that defendant assisted when you hadn't contributed to his campaign?"; (d) "Isn't it true that defendant sponsored x legislation, which is good for Ohioans?"; (e) "Isn't it true the defendant never asked you for a campaign contribution?"; and (f) "Isn't it true that the defendant took action that was in the public's interest?"  As explained below, because such evidence is irrelevant and inadmissible, this type of evidence can only encourage the jurors to decide this case on an improper basis.

In the context of bribery and corruption cases, courts have consistently excluded as irrelevant evidence of specific acts of noncorrupt conduct.  In other words, evidence that a defendant performed a good act on some other occasion, is irrelevant to whether the defendant entered a bribery agreement on another occasion.  *See United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) (affirming exclusion of evidence that defendant "did favors for people who did not pay him bribes" as irrelevant to the bribery charges at issue); *United States v. Dawkins*, 999 F.3d 767, 792–93 (2d Cir. 2021) (district court properly excluded defense evidence indicating the defendant did not attempt to bribe others); *United States v. Chambers*, 800 F. App'x 43, 46 (2d Cir. 2020) (affirming exclusion of evidence that defendant ran "legitimate law practice" to show he was less likely to have corrupt intent to bribe); *United States v. Fattah*, 914 F.3d 112, 175–76 (3d Cir. 2019) (upholding district court's exclusion of non-bribery payments in bribery trial); *United States v. Troutman*, 814 F.2d 1428, 1454 (10th Cir. 1987) (where defendant was charged with soliciting political contributions from specific financial institution in exchange for state business, trial court did not abuse discretion in excluding as irrelevant evidence of defendant's conduct toward other firms from whom he did not solicit contributions in exchange for business);

11

*United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985) (where private investigator on trial for extorting clients argued that he intended to report clients to FBI, court upheld exclusion of evidence of prior good act, stating "[e]vidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable"); *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978) (in bribery case, inappropriate to permit testimony that charged inspector honestly performed his duties in specific instances and did not receive bribes);[7] *see also* Fed. R. Evid. 405(a) (character evidence admissible only through reputation or opinion testimony).

Moreover, courts have precluded defendants from introducing specific acts of good conduct where the defendants are simply arguing a "lack of motive or intent" in cases outside the public corruption orbit. *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990). In *Marrero*, a case arising from a prosecution of false insurance claims, the defendant "sought to prove that her good character was inconsistent with criminal intent by introducing evidence of specific acts of good character." 904 F.2d at 259. The Fifth Circuit affirmed the exclusion of the good-acts evidence, observing that the defendant's "character in [the] case was simply not an essential element of the charges against her," and that the defendant's tactic of trying to "use specific acts circumstantially to prove lack of intent" was "not only disfavored, [but was] not permitted under Rule 405(b)." *Id.* at 260; *see also United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (observing that

---

[7] Conversely, courts have found prior corrupt acts are admissible as relevant to the defendant's intent in bribery cases. *See, e.g.*, *United States v. Harrold*, 1989 WL 34821, at *2, 872 F.2d 1029 (6th Cir. 1989) (table); *United States v. Reichberg*, 5 F.4th 233, 241–42 (2d Cir. 2021); *United States v. Repak*, 852 F.3d 230, 241–46 (3d Cir. 2017); *United States v. McNair*, 605 F.3d 1152, 1203–04 (11th Cir. 2010).

"evidence of good conduct is not admissible to negate criminal intent") (internal quotation marks omitted); *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) (upholding exclusion of defendant's failure to steal "test" letters to negate intent in embezzlement case).

Because evidence of other good acts is irrelevant and inadmissible here, the Court should exclude it from trial.

## CONCLUSION

For the reasons outlined, this Court should grant the motion to preclude the defendants from arguing, presenting evidence, or pursuing lines of inquiry designed to elicit jury nullification.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ *Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion *in Limine* was filed electronically this 9th day of November, 2022, and served upon all counsel of record via the Court's CM/ECF system.

*s/Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney